IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-626-S-BN |
| | § | |
| $7,700 IN U.S. CURRENCY AND | § | |
| SIXTY-ONE MONEY ORDERS | § | |
| TOTALING $42,495 IN U.S. | § | |
| CURRENCY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *in rem* action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer. *See* Dkt. No. 16.

Plaintiff United States of America has filed a motion to dismiss Mr. Faud Nasser's claim to $7,700 in U.S. currency and sixty-one money orders totaling in $42,495, due to Nasser's failure to timely respond to the government's special interrogatories under the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). *See* Dkt. No. 15. Nasser has not opposed the United States' motion to dismiss.

For the reasons explained below, the Court should grant the United States' motion to dismiss [Dkt. No. 15].

**Background**

On October 24, 2018, Nasser was stopped by Drug Enforcement Agency ("DEA") agents while waiting in Departure Terminal C in Dallas-Fort Worth International Airport. *See* Dkt. No. 1 at ¶ 8. During the stop, Nasser gave the DEA agents consent to search his carry-on backpack. *See id.* at ¶ 21. Upon conducting the search, DEA agents "immediately located one (1) loose bundle of U.S. currency concealed in a nylon zipper bag concealed in the backpack." *Id.* at ¶ 22. DEA agents also located a loose bundle of money orders concealed in an envelope inside the backpack. *See id.* at ¶ 24. "None of the money orders were addressed to any payee, and none of the money orders contained any purchaser information." *Id.*

According to the United States' complaint, "Nasser claimed the U.S. currency and money orders were a result of real estate transactions,"[*id.* at ¶ 26] but he could not provide any evidence of the claimed real estate transactions or provide any detail as to how or from whom he obtained the currency and money orders. *See id.*

At around the same time, Fort Worth police conducted a K-9 search of Nasser's backpack as well as the currency and money orders. *See id.* at ¶ 28. The K-9 was alerted to the odor of narcotics on both the U.S. currency and the money orders. As a result, DEA agents seized the U.S. currency and money orders and provided Nasser with a DEA-12 receipt for the seized property. *Id.* at ¶ 29. The DEA agents later conducted an official count and determined that they had seized $7,700 in U.S. currency and $42,495 in money orders. *Id.* at ¶ 31.

In Nasser's answer to the United States' complaint, he denies virtually all of the above-stated allegations. *See* Dkt. No. 6.

On March 13, 2019, the United States commenced this *in rem* action [Dkt. No. 1] and, on March 14, 2019, the Clerk of the Court issued an arrest warrant for the subject property pursuant to Supplemental Rule G(3)(b)(I). Dkt. No. 4.

Nasser filed a certified claim to the subject property along with an answer to the complaint on April 15, 2019. *See* Dkt. No. 6. And, on May 10, 2019, the United States served Nasser with special interrogatories pursuant to Supplemental Rule G(6) in order "to determine whether Nasser could establish standing to contest forfeiture." Dkt. No. 15 at 1.

On June 6, 2019, Nasser's attorney withdrew as counsel on the case. *See* Dkt. No. 13. On that same day, the court ordered Nasser to secure local counsel within 30 days or proceed with his claim *pro se*. Dkt. No. 14. Nasser never responded to the United States' special interrogatories.

On July 8, 2019 the United States filed its motion to dismiss Nasser's claim. *See* Dkt. No. 15. In its motion, the United States argues that Nasser's continued failure to prosecute his claim and his failure to respond to the government's special interrogatories warrants his dismissal from this action. Nasser has not filed any response to the motion.

## Legal Standards

Individuals claiming an interest in property seized by the government may file

a claim provided by Supplemental Rule G. *See United States v. Vehicle 2007 Mack 600 Dump Truck,* 680 F. Supp. 2d 816, 822 (E.D. Mich. 2010) ("Any person claiming an interest in ... seized property may file a claim asserting such person's interest in the property in a manner set forth in [the Supplemental Rules]."). Under Supplemental Rule G(5)(a), a person contesting the forfeiture of property must file a verified claim describing the claimant's interest in the property.

Supplemental Rule G(6) entitles the United States to serve special interrogatories to determine whether the claimant has a sufficient interest in the seized property to contest the forfeiture. *See United States v. Funds in the Amount of $547,840*, 719 F.3d 648, 650 (7th Cir.2013) ("The purpose of such interrogatories is to smoke out fraudulent claims-claims by persons who have no colorable claims."); *United States v. $113,420.00 in U.S. Currency*, 672 F.3d 629, 635 (9th Cir.2012) ("The purpose of the rule is 'to permit the government to file limited interrogatories ... to gather information that bears on the claimant's standing.'"). A party who is served with special interrogatories must respond within 21 days.

Rule G(8)(c)(1) permits the United States to move to strike a claim or answer for failing to timely respond to Supplemental Rule G(6) interrogatories or otherwise failing to comply with Supplemental Rule G(6).

## Analysis

The United States argues that Nasser's claim should be dismissed because he has failed to timely answer its special interrogatories. *See* Dkt. No. 15. Nasser has not

opposed the United States' motion.

Supplemental Rule G(6)(a) provides that "[t]he government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." Under Rule G(6)(b), a claimant must respond to these interrogatories within 21 days after the interrogatories are served. Rule G(8)(c) permits the government to move to dismiss a claim "at any time before trial," if the claimant fails to timely respond to the special interrogatories. *United States v. $2,409.00 in U.S. Currency*, Civ. No. WDQ-10-0371, 2010 WL 2670982, at *1 (D. Md. June 24, 2010) (striking claim for failure to respond).

Nasser filed his claim on April 15, 2019. Dkt. No. 6. Although Nasser's attorney withdrew from this case on June 6, Nasser was represented by counsel when he was served with special interrogatories. Nasser was also represented by counsel on May 31, 2019, the date on which his answers to the special interrogatories were due. *See* Dkt. No. 15. The United States never received Nasser's answers to the interrogatories. The United States' motion to dismiss for failure to answer the interrogatories should therefore be granted.

**Recommendation**

For the reasons explained above, the Court should grant the United States' motion to dismiss [Dkt. No. 15].

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 25, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE